MYRTLE ELIZABETH BUGHER v. JOHN BRITTON BUGHER

No. 7717DC70

(Filed 7 December 1977)

1. **Divorce and Alimony § 16.9— alimony under court order—unilateral declaration reducing amount**

   A paper writing signed by defendant in which he unilaterally declared that he would pay a certain amount to his former wife until she began receiving Social Security payments and would then pay the difference between that amount and the amount of the Social Security check did not operate to reduce defendant's obligation to pay alimony as required by a court order.

2. **Divorce and Alimony § 16.9— Social Security payments to divorced wife—no credit on husband's alimony payments**

   Social Security payments to a divorced wife which were based on her former husband's contributions but were paid to her without her former husband's consent or direction under statutes providing benefits for divorced wives who have no adequate contribution records of their own and who are eligible for old-age benefits were not sums paid by or on behalf of the former husband; therefore, the former husband was not entitled to have such payments credited toward the amount of alimony he was required to pay pursuant to a court order. 42 U.S.C.A. §§ 402, 416.

APPEAL by defendant from *Clark, Judge.* Order filed 24 November 1976 in District Court, ROCKINGHAM County. Heard in the Court of Appeals 26 October 1977.

On motion of plaintiff, defendant was required to appear and show cause why he should not be held in contempt of court for failing to pay alimony as required by an earlier court order. The essential facts are not in dispute and were stipulated. Defendant complied with the order until plaintiff became eligible for and began to receive Social Security payments. He then reduced his payments by an amount equal to the Social Security payments plaintiff was receiving.

The Social Security payments that plaintiff receives are based on contributions defendant made to the system. Plaintiff and defendant had been married for more than 20 years before their divorce. Plaintiff is entitled to receive the Social Security payments as a matter of right, without the consent of defendant.

At some unspecified time the parties had signed the following:

"DEFENDANT'S EXHIBIT NO. 1

I, John Bugher agree to pay $150.00 a month to Myrtle E. Bugher until the first Social Security check arrives and agree to pay the difference between the amount of the Social Security payment to make up the difference between that amount and $150.00 until the Social Security payment reaches $150.00.

Signed: J. B. Bugher

Witness:

I, Myrtle E. Bugher agree to pay back the amount of Social Security check for the months that $150.00 was paid until the first Social Security check arrives if there is a lump sum paid for back months. If there is no lump sum no payment will be paid.

Signed: Myrtle E. Bugher"

The judge, in summary, made conclusions of law to the effect that neither the paper writing nor plaintiff's receipt of the Social Security funds reduced defendant's obligations under the court order.

The judge ordered defendant to pay the arrearage, to resume payments according to the terms of the order and to pay plaintiff's counsel attorney fees. He declined to find defendant in contempt.

*Bethea, Robinson, Moore & Sands, by Alexander P. Sands, for plaintiff appellee.*

*Robert M. Bryant, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first argues that the paper writing labeled Exhibit No. 1 should operate to reduce his obligations under the court order. The argument is without merit for several reasons. The most obvious reason is that the paper writing amounts to no more than his unilateral declaration that he will pay less than the court had previously ordered him to pay. There was no agreement by plaintiff that she would accept the lesser sum. Even if the second part of the exhibit, the only part signed by plaintiff, had been supported by valuable consideration, there is nothing to indicate that a "lump sum" was paid.

[2] Defendant next argues, in effect, that the Social Security payments plaintiff receives are payments by him or on his behalf and should be so credited. From the stipulated facts, it appears that plaintiff draws Social Security benefits under the provisions of 42 U.S.C.A. §§ 402 and 416. These sections create a category of special recipients, divorced wives without their own adequate contribution records, who are eligible for old-age benefits. Payments are made to them by virtue of that statute, their husbands having no right to consent to or direct payment to them. Moreover, in 1972, Congress struck out the requirements that had once limited the divorced wife's benefits to cases where she received one-half her support or substantial court ordered contributions from the insured husband. Pub. L. 92-603 § 114(a). Congress thus appears to have separated divorced wives' benefits under old-age programs from the husband's duty to support her. We hold, therefore, that the Social Security benefits received by plaintiff are not sums paid by or on behalf of defendant.

If defendant is inclined to believe that the receipt of these funds by plaintiff is sufficient to show a change in the circumstances of the parties, he is at liberty to proceed by proper motions in the case under G.S. 50-16.9.

For the reasons stated, the order is affirmed.

Affirmed.

Judges BRITT and PARKER concur.